**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 24-** |
| **v.** | : | **DATE FILED:** |
| **VADIM SHAPIRO** | : | **VIOLATIONS:** |
| | | **18 U.S.C. § 371 (conspiracy to defraud** |
| | : | **the United States and commit bank** |
| | | **fraud – 1 count)** |
| | : | **26 U.S.C. § 7206(2) (assisting in** |
| | | **preparing false tax returns – 3 counts)** |
| | : | **18 U.S.C. § 1349 (wire fraud conspiracy** |
| | | **– 1 count)** |
| | : | **18 U.S.C. § 1343 (wire fraud – 1 count)** |
| | | **18 U.S.C. § 2 (aiding and abetting)** |
| | : | **Notice of forfeiture** |

**I N F O R M A T I O N**

**COUNT ONE**
**(Conspiracy – 18 U.S.C. § 371)**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times relevant to this information, except where otherwise noted:

1.      Defendant VADIM SHAPIRO resided in the Eastern District of

Pennsylvania and was licensed as a certified public accountant in the Commonwealth of

Pennsylvania. Defendant SHAPIRO owned and operated Vadim Shapiro CPA, LLC, a tax return

preparation business located at 1111 Street Road, Suite 312, Office 9, Southampton, PA 18966,

and formerly located at 9544 Bustleton Avenue, Philadelphia, PA 19115.

2.    The Internal Revenue Service ("IRS") was an administrative agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States, including the assessment and collection of federal income taxes.

3.    In order to accurately assess and collect taxes, the IRS must, among other things, determine taxpayers' actual income, credits, and deductions. To help fulfill the IRS's mission, the tax laws of the United States required taxpayers to file tax returns and forms, including, among others, IRS Forms 1040, 1040A, and 1040EZ.

4.    Federal individual income tax returns, IRS Forms 1040, 1040A, and 1040EZ, required the taxpayer to provide his or her social security number ("SSN") on the tax return. The IRS used the SSNs provided on tax returns in order to track and record for each particular tax year who had filed an income tax return and who had claimed or received a tax refund.

5.    Upon receipt of a filed tax return showing that a refund was due to a particular taxpayer, as identified by his or her SSN, the IRS typically issued a refund check payable to the taxpayer, drawn on the United States Treasury.

6.    Individuals seeking to prepare tax returns for compensation were required to obtain from the IRS a Preparer Tax Identification Number ("PTIN"). The PTIN was required to be placed in the paid preparer section of any tax return that had been prepared for compensation.

7.    The IRS assigned PTIN P00839045 to defendant VADIM SHAPIRO to be used whenever defendant SHAPIRO prepared a tax return for compensation.

8.    The Exchange Visitor Visa for Summer Work and Travel, also known as the J-1 visa, was a non-immigrant visa issued to qualified post-secondary students to visit the

2

United States for cultural exchange and short-term summer work. The J-1 Cultural Visa program was intended to support U.S. foreign policy interests by increasing mutual understanding and cultural exchanges between the people of the United States and other countries. The J-1 Cultural Visa program was overseen by the United States Department of State, Bureau of Educational and Cultural Affairs, and J-1 visas were approved by this bureau. Eligible individuals holding J-1 visas could be provided a SSN assigned by the Commissioner of Social Security, in order for the J-1 visa holder to work while present in the United States.

9.     Synthetic identities were false identities created using certain personally identifiable information from multiple people, such as names, dates of birth, and social security numbers, that typically consisted of stolen and fictitious information. Synthetic identities could be used to create shell corporations and entities.

**THE CONSPIRACY**

10.     From in or about early 2018 through in or about March 15, 2023, in the Eastern District of Pennsylvania, and elsewhere, defendant

**VADIM SHAPIRO**

conspired and agreed with Person 1 and Person 2 (both charged elsewhere), and others known and unknown to the United States Attorney,

a.     to knowingly defraud the United States by willfully impeding, impairing, obstructing, and defeating the lawful governmental functions of the Internal Revenue Service of the Department of the Treasury in the collection of income taxes; and

b.     to commit an offense against the United States, that is, bank fraud in violation of Title 18, United States Code, Section 1344.

## MANNER AND MEANS

It was part of the conspiracy that:

11.     Defendant VADIM SHAPIRO, along with others known and unknown to the United States Attorney, including Person 1 and Person 2, collectively referred to here as the "conspirators," executed a scheme to prepare false tax returns, to file certain of the false returns, and to obtain the payment of fraudulent income tax refunds from the IRS and to use other, unfiled false returns, to defraud banks.

12.     Person 1 and others unknown to the United States Attorney obtained the identities, including names and social security numbers, of individuals who had previously held J-1 visas as part of the J-1 Cultural Visa program, but had since departed the United States after their visa stays, and had not returned (the "former J-1 visa holders").

13.     Person 1 and Person 2, and others unknown to the United States Attorney, obtained the identifying information, including names and social security numbers, of other individuals known to them who had not previously held J-1 visas, but who had departed from the United States (the "departed persons").

14.     Person 1 and Person 2, and others unknown to the United States Attorney, obtained the identifying information, including names and social security numbers, of other individuals known to them, in addition to the former J-1 visa holders and the departed persons (the "fraud associates").

15.     Person 1 and others known and unknown to the United States Attorney used the identifying information of the former J-1 visa holders and the departed persons to construct synthetic identities, to commit bank fraud.

4

16.     Defendant VADIM SHAPIRO prepared false federal income tax returns for Person 1 using the identities of the departed persons, former J-1 visa holders, and fraud associates, which were filed with the IRS for the purpose of claiming, falsely, that the departed persons, the former J-1 visa holders, and the fraud associates were entitled to tax refunds from the IRS.

17.     Defendant VADIM SHAPIRO prepared for Person 1 false federal income tax returns, other false tax documents, and other false financial documents that were not filed with the IRS, to commit bank fraud.

18.     Person 1 and others known and unknown to the United States Attorney used the tax return preparation business of defendant VADIM SHAPIRO to file with the IRS false federal income tax returns using the identities of the departed persons, the former J-1 visa holders, and the fraud associates. The false tax returns claimed, untruthfully, that the individuals identified on the tax returns were entitled to tax refunds. In truth and in fact, however, the conspirators well knew that neither the departed persons, nor the former J-1 visa holders, nor the fraud associates, were entitled to tax refunds. The departed persons and the former J-1 visa holders were not entitled to tax refunds because they did not reside or work in the United States. The fraud associates were not entitled to tax refunds because they were straw owners of shell companies.

19.     Defendant VADIM SHAPIRO, to aid the conspirators, prepared the false federal income tax returns for the former J-1 visa holders and the departed persons in such a way to make it appear that the filers were persons who resided and worked in the United States.

20.     Defendant VADIM SHAPIRO, to aid the conspirators, prepared the false federal income tax returns for the fraud associates in such a way to make it appear that the filers were persons who owned actual working businesses instead of shell companies.

21.     Person 1 and Person 2, and others unknown to the United States Attorney, opened bank accounts in the names of the departed persons and the former J-1 visa holders, for the purpose of receiving the fraudulent tax refunds.

22.     By filing these false tax returns, defendant VADIM SHAPIRO and the conspirators caused the United States Department of the Treasury to issue tax refund checks to the addresses or direct deposit accounts that were listed on the false tax returns. The fraudulently obtained tax refund checks were made payable to the departed persons and the former J-1 visa holders, whose identities had been stolen by the conspirators, and to the fraud associates.

23.     From on or about February 1, 2019, through on or about March 15, 2023, defendant VADIM SHAPIRO and Person 1 prepared and filed at least 52 false, fictitious, and fraudulent tax returns which caused a loss to the government of approximately $114,538.

**OVERT ACTS**

In furtherance of the conspiracy and to accomplish it objects, defendant VADIM SHAPIRO and Persons 1 and 2 committed and caused others to commit the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

On or about February 1, 2019:

1.     Person 2 directed defendant VADIM SHAPIRO to prepare a false tax return for synthetic identity R.A. for tax year 2018, although the real R.A. had departed the United States in 2016.

2.      Defendant VADIM SHAPIRO filed with the IRS the false tax return for synthetic identity R.A. for tax year 2018, which Person 2 had directed SHAPIRO to prepare, which false filing resulted in a refund of approximately $1,410.

3.      Person 2 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company SGSH Trans LLC for tax year 2018.

4.      Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company SGSH Trans LLC for tax year 2018, which Person 2 had directed defendant SHAPIRO to prepare.

5.      Person 2 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Bohemian Art Glass for tax year 2018.

6.      Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Bohemian Art Glass for tax year 2018, which Person 2 had directed defendant SHAPIRO to prepare.

On or about February 21, 2019:

7.      Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for L.N. and E.A. for tax year 2018, which return defendant SHAPIRO knew was false.

8.      Defendant VADIM SHAPIRO filed with the IRS the false tax return for L.N. and E.A. for tax year 2018, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $2,021.

On or about April 5, 2019:

9.      Person 2 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Next Level Brokerage LLC for tax year 2018.

7

10.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Next Level Brokerage LLC for tax year 2018, which Person 2 had directed defendant SHAPIRO to prepare.

11.     Person 2 directed defendant VADIM SHAPIRO to prepare a false return for S.G. for tax year 2018, which return defendant SHAPIRO knew was false.

12.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for S.G. for tax year 2018, which Person 2 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $4,743.

On or about April 29, 2019:

13.     Person 1 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Biowaste Solutions, Inc. for tax year 2018.

14.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Biowaste Solutions, Inc. for tax year 2018, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $1,569.

15.     Person 1 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Uni-Tek US LLC, for tax year 2018.

16.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Uni-Tek US LLC for tax year 2018, which Person 1 had directed defendant SHAPIRO to prepare.

On or about February 3, 2020:

17.     Person 1 directed VADIM SHAPIRO to prepare a false tax return for A.K. for tax year 2019, which return defendant SHAPIRO knew was false.

8

18. Defendant VADIM SHAPIRO filed with the IRS the false tax return for A.K. for tax year 2019, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $2,758.

On or about February 6, 2020:

19. Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for synthetic identity T.B. for tax year 2019, when T.B. was not present in the United States.

20. Defendant VADIM SHAPIRO filed with the IRS the false tax return for synthetic identity T.B. for tax year 2019, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $3,081.

On or about March 6, 2020:

21. Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for S.G. and O.A. for tax year 2019, which return defendant SHAPIRO knew was false.

22. Defendant VADIM SHAPIRO filed with the IRS the false tax return for S.G. and O.A. for tax year 2019, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $6,127.

On or about March 15, 2020:

23. Person 1 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Biowaste Solutions, Inc. for tax year 2019.

24. Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Biowaste Solutions, Inc. for tax year 2019, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $100.

9

On or about April 10, 2020:

25.     Person 2 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company SGSH Trans LLC for tax year 2019.

26.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company SGSH Trans LLC for tax year 2019, which Person 2 had directed defendant SHAPIRO to prepare.

On or about April 21, 2020:

27.     Person 1 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Uni-Tek US LLC for tax year 2019.

28.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Uni-Tek US LLC for tax year 2019, which Person 1 had directed defendant SHAPIRO to prepare.

29.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for N.A. and A.S. for tax year 2019, which return defendant SHAPIRO knew was false.

30.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for N.A. and A.S., for tax year 2019, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $4,687.

On or about April 24, 2020:

31.     Person 1 directed defendant VADIM SHAPIRO to prepare false business tax returns, IRS Forms 941, Employer's Quarterly Federal Tax Return, for shell company Zaui LLC for the second quarter of tax year 2020.

10

32.     Defendant VADIM SHAPIRO filed with the IRS this false business tax return for shell company Zaui LLC for the second quarter of tax year 2020, which Person 1 had directed defendant SHAPIRO to prepare.

On or about May 28, 2020:

33.      Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for U.B. for tax year 2019, which return defendant SHAPIRO knew was false.

34.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for U.B. for tax year 2019, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $1,590.

On or about June 24, 2020:

35.      Person 2 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Smartdrive LLC for tax year 2019.

36.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Smartdrive LLC for tax year 2019, which Person 2 had directed defendant SHAPIRO to prepare.

37.     Person 2 directed defendant VADIM SHAPIRO to prepare a false tax return for V.B. and L.H. for tax year 2019, which return defendant SHAPIRO knew was false.

38.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for V.B. and L.H. for tax year 2019, which Person 2 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $2,467.

On or about September 29, 2020:

39.     Person 1 directed defendant VADIM SHAPIRO to prepare false business tax returns for an unnamed shell company ("Business A") for tax years 2018 and 2019, and

11

further directed defendant SHAPIRO that the false returns show gross receipts of approximately $2,741,547 and ordinary business income of approximately $313,674 for tax year 2018 and show gross receipts of approximately $3,403,555 and ordinary business income of approximately $407,836 for tax year 2019. Person 1 further directed defendant SHAPIRO to prepare false tax returns for synthetic identity A.L., the purported owner of Business A, for tax years 2018 and 2019, and further directed defendant SHAPIRO that the false returns show for tax year 2018, wages of approximately $48,000 and Schedule E income from Business A of $313,674, and for tax year 2019, wages of approximately $60,000 and Schedule E income from Business A of approximately $407,836.

40.     Defendant VADIM SHAPIRO prepared the false returns for Business A for tax years 2018 and 2019, including the false returns for the synthetic purported owner of Business A, synthetic identity A.L., for tax years 2018 and 2019, and gave the false returns to Person 1, for Person 1's use of the false unfiled tax returns to commit bank fraud.

On or about October 3, 2020:

41.     Person 1 directed defendant VADIM SHAPIRO to prepare false business tax returns for an unnamed shell company ("Business B"), for tax years 2018 and 2019, and further directed defendant SHAPIRO that the false returns show gross receipts of approximately $1,535,547 and ordinary business income of approximately $263,747 for tax year 2018 and show gross receipts of approximately $1,817,119 and ordinary business income of approximately $315,356 for tax year 2019. Person 1 further directed defendant SHAPIRO to prepare false tax returns for synthetic identity S.S., the purported owner of Business B, for tax years 2018 and 2019, and further directed defendant SHAPIRO that the false returns show for tax year 2018,

Schedule E income from Business B of approximately $267,747, and for tax year 2019, Schedule E income from Business B of approximately $315,356.

42.     Defendant VADIM SHAPIRO prepared the false returns concerning Business B for tax years 2018 and 2019, including the false returns for the synthetic purported owner of Business B, synthetic identity S.S., for tax years 2018 and 2019, and gave the false returns to Person 1, for Person 1's use of the false unfiled tax returns to commit bank fraud.

On or about October 27, 2020:

43.     Person 1 directed defendant VADIM SHAPIRO to prepare a false business tax return, IRS Forms 941, Employer's Quarterly Federal Unemployment Tax Return for shell company Zaui LLC for the third quarter of tax year 2020.

44.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return, IRS Form 941, Employer's Quarterly Federal Unemployment Tax Return, for shell company Zaui LLC for the third quarter of tax year 2020, which Person 1 had directed defendant SHAPIRO to prepare.

On or about January 18, 2021:

45.     Person 1 directed defendant VADIM SHAPIRO to prepare a false business tax return, IRS Form 940, Employer's Annual Federal Unemployment Tax Return, for shell company Zaui LLC for tax year 2020.

46.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return, IRS Form 940, Employer's Annual Federal Unemployment Tax Return, for shell company Zaui LLC for tax year 2020, which Person 1 had directed defendant SHAPIRO to prepare.

On or about February 6, 2021:

47.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for A.K. for tax year 2020, which return defendant SHAPIRO knew was false.

48.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for A.K. for tax year 2020, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $5,943.

On or about February 17, 2021:

49.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for synthetic identity T.B. for tax year 2020, when real T.B. was not present in the United States.

50.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for synthetic identity T.B. for tax year 2020, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $3,109.

On or about February 22, 2021:

51.     Person 2 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Smartdrive LLC for tax year 2020.

52.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Smartdrive LLC for tax year 2020, which Person 2 had directed defendant SHAPIRO to prepare.

53.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for V.B. and L.H. for tax year 2020, which return defendant SHAPIRO knew was false.

54.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for V.B. and L.H. for tax year 2020, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $5,046.

On or about March 8, 2021:

55.     Person 1 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Biowaste Solutions, Inc. for tax year 2020.

56.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Biowaste Solutions, Inc. for tax year 2020, which Person 1 had directed defendant SHAPIRO to prepare.

57.     Person 1 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Uni-Tek US LLC for tax year 2020.

58.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Uni-Tek US LLC for tax year 2020, which Person 1 had directed defendant SHAPIRO to prepare.

59.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for M.D. for tax year 2020, which return defendant SHAPIRO knew was false.

60.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for M.D. for tax year 2020, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $757.

On or about March 27, 2021:

61.     Person 2 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Next Level Brokerage LLC for tax year 2020.

15

62.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Next Level Brokerage LLC for tax year 2020, which Person 2 had directed defendant SHAPIRO to prepare.

63.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for S.G. and O.A. for tax year 2020, which return defendant SHAPIRO knew was false.

64.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for S.G. and O.A. for tax year 2020, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $4,981.

On or about May 3, 2021:

65.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for N.A. for tax year 2020, which return defendant SHAPIRO knew was false.

66.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for N.A. for tax year 2020, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $3,947.

On or about January 26, 2022:

67.     Person 1 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Biowaste Solutions, Inc. for tax year 2021.

68.     Defendant VADIM SHAPIRO filed with the IRS, the false business tax return for shell company Biowaste Solutions, Inc. for tax year 2021, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $287.

69.     Person 1 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Uni-Tek US LLC for tax year 2021.

16

70.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Uni-Tek US LLC for tax year 2021, which Person 1 had directed defendant SHAPIRO to prepare.

71.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for M.D. for tax year 2021, which return defendant SHAPIRO knew was false.

72.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for M.D. for tax year 2021, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $1,892.

On or about February 14, 2022:

73.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for synthetic identity T.B. for tax year 2021, when T.B. was not present in the United States.

74.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for synthetic identity T.B. for tax year 2021, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $2,082.

On or about February 20, 2022:

75.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for A.K. for tax year 2021, which return defendant SHAPIRO knew was false.

76.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for A.K. for tax year 2021, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $11,543.

On or about February 22, 2022:

77.    Person 1 directed defendant VADIM SHAPIRO to prepare a false 2021 tax return for P.N., a former J-1 visa holder, who had departed the United States in 2007.

78.    Defendant VADIM SHAPIRO filed with the IRS the false tax return for the former J-1 visa holder P.N. for tax year 2021, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $1,400.

On or about July 4, 2022:

79.    Person 1 directed defendant VADIM SHAPIRO to prepare a false business tax return for an unnamed shell company ("Business C") for tax year 2021, and further directed defendant SHAPIRO that the false return show gross receipts of approximately $1,788,022.58 for tax year 2021.

80.    Defendant VADIM SHAPIRO prepared the false return concerning Business C for tax year 2021 and gave the false return to Person 1, for Person 1's use of the false unfiled tax return to commit bank fraud.

On or about September 28, 2022:

81.    Person 2 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Next Level Brokerage LLC for tax year 2021.

82.    Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Next Level Brokerage LLC for the tax year 2021, which Person 2 had directed defendant SHAPIRO to prepare.

83.    Person 2 directed defendant VADIM SHAPIRO to prepare false tax returns for synthetic identity A.A. for tax years 2020 and 2021, although the real A.A. had departed the United States in 2016.

18

84.     Defendant VADIM SHAPIRO filed with the IRS the false return for synthetic identity A.A. for tax year 2021, which Person 2 had directed defendant SHAPIRO to prepare.

85.     Person 2 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company Smartdrive LLC for tax year 2021.

86.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company Smartdrive LLC for tax year 2021, which Person 2 had directed defendant SHAPIRO to prepare.

87.     On or about September 29, 2022, defendant VADIM SHAPIRO filed with the IRS the false tax return for synthetic identity A.A. for tax year 2020, which Person 2 had directed defendant SHAPIRO to prepare.

On or about October 13, 2022:

88.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for S.G. and O.A. for tax year 2021, which return defendant SHAPIRO knew was false.

89.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for S.G. and O.A. for tax year 2021, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $12,863.

On or about January 23, 2023:

90.     Person 2 directed defendant VADIM SHAPIRO to prepare a false business tax return for shell company SGSH Trans LLC for tax year 2020.

91.     Defendant VADIM SHAPIRO filed with the IRS the false business tax return for shell company SGSH Trans LLC for tax year 2020, which Person 2 had directed defendant SHAPIRO to prepare.

On or about February 12, 2023

92.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for A.Y. for tax year 2022, when A.Y. was not present in the United States.

93.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for A.Y. for tax year 2022, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $3,157.

94.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for synthetic identity T.B. for tax year 2022, when the real T.B. was not present in the United States.

95.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for synthetic identity T.B. for tax year 2022, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $4,946.

On or about February 20, 2023:

96.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for M.D. for tax year 2022, which return defendant SHAPIRO knew was false.

97.     Defendant VADIM SHAPIRO filed with the IRS the false tax return for M.D. for tax year 2022, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $6,111.

On or about September 15, 2023:

98.     Person 1 directed defendant VADIM SHAPIRO to prepare a false tax return for N.A. for tax year 2022, which return defendant SHAPIRO knew was false.

99.     defendant VADIM SHAPIRO filed with the IRS the false tax return for N.A. for tax year 2022, which Person 1 had directed defendant SHAPIRO to prepare, which false filing resulted in a refund of approximately $9,562.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH FOUR
### (False tax returns – 26 U.S.C. § 7206(2))

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 9 of Count One are realleged here.

2. In 2021, defendant VADIM SHAPIRO prepared fraudulent federal income tax returns for certain of his clients that resulted in a tax loss to the government totaling approximately $11,848.

3. On or about the dates listed below, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

### VADIM SHAPIRO

willfully aided, assisted, procured, counseled, and advised the preparation and presentation to the Internal Revenue Service of U.S. Individual Income Tax Returns, Forms 1040, for the persons listed below by initials for the tax years listed, which were false and fraudulent as to a material matter. The tax returns reported false Schedule E expenses, whereas, defendant SHAPIRO knew, the taxpayers did not have these expenses (each form constituting a separate count):

| Count | Approx. Date Filed | Taxpayer | Tax Year | False Line Items |
|-------|--------------------|----------|----------|------------------|
| 2 | Feb. 15, 2021 | E.A. | 2020 | False Schedule E expenses to create fraudulent loss |
| 3 | Feb. 22, 2021 | A.K. and D.C. | 2020 | False deductions on Schedule E to offset income |
| 4 | May 10, 2021 | K.S. and L.Y. | 2020 | False deductions on Schedule E to offset income |

All in violation of Title 26, United States Code, Section 7206(2).

**COUNT FIVE**
**(Wire fraud conspiracy – 18 U.S.C. § 1349)**

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

At all times relevant to this information, except where otherwise noted:

1.      Paragraph 1 of Count One is realleged here.

2.      On March 13, 2020, the President declared the ongoing COVID-19 pandemic to be an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

3.      On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") was signed into law. The CARES Act created the Pandemic Unemployment Assistance ("PUA") program, which provided unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

4.      The PUA program was administered by the various states, including the Commonwealth of Pennsylvania, but its benefits were funded by the federal government. In Pennsylvania, the Pennsylvania Department of Labor and Industry ("PA DLI") administered the PUA program.

5.      PA DLI required that a PUA claim be made online via the PUA website, https://pua.benefits.uc.gov. The applicant was required to enter personal identification information, including name, date of birth, social security number, email address, telephone number, and a physical address. An applicant was also required to answer a series of questions that enabled the PA DLI to determine the applicant's eligibility and payment amount.

6.      An applicant was only eligible to receive weekly PUA benefits if the applicant was unemployed for reasons related to the COVID-19 pandemic. The applicant was required to certify, under penalty of perjury, that the applicant was able to go to work each day and, if offered a job, the applicant had to be able to accept it. An applicant was required to read and understand the PUA Compensation Handbook, which indicated that any earnings must be reported for each week the applicant worked.

7.      If PA DLI approved an application for PUA benefits, the benefits recipient received benefits in the form of checks, electronic fund transfers, or debit cards, and the checks and debit cards were mailed via the United States Postal Service to the physical address that appeared on the application.

8.      The PUA funds were electronically transferred to reloadable prepaid debit cards, backed by U.S. Bank, headquartered in Minneapolis, Minnesota. PUA beneficiaries could utilize the cards to withdraw cash from automatic teller machines ("ATMs") or by utilizing the cards as debit cards to make purchases.

9.      The recipient of PUA benefits received a unique Personal Identification Number ("PIN") to access the PUA portal each week to certify their unemployment status. Payments for PUA were based on a seven-day period, from Sunday through Saturday. Thus, the benefits recipient was required to certify every seven days that he or she was ready, willing and able to work each day, was seeking full time employment, did not refuse any job offers or referrals, and had reported any employment during the week and the gross pay or other payments received. The weekly certification was required to be completed in a timely manner. A delay in the weekly certification could result in a delay or denial of further payments.

10.     Each PUA claim was processed through a series of wire transactions. The PUA claim was submitted through the PUA website for PA DLI, in Harrisburg, Pennsylvania with a host server in Sacramento, California. When approved by PA DLI, the claim was established, and a monetary rate determination was made, based on the information in the application. This triggered a series of wire communications to the Pennsylvania Treasury Department in Harrisburg, Pennsylvania; to the ACH Vendor PNC located in Pittsburg, Pennsylvania; to the electronic payments network located in New York, New York; and to US Bank's server in Olathe, Kansas. This final wire to US Bank caused US Bank to place a debit card in the U.S. mail directly to each applicant at their mailing address.

## THE CONSPIRACY

11.     From on or about May 27, 2020, through on or about September 9, 2021, in the Eastern District of Pennsylvania, and elsewhere, defendant

## VADIM SHAPIRO

conspired and agreed with Person 1, Person 2, and other individuals unknown to the United States Attorney, to commit wire fraud, that is, to devise and intend to device a scheme to defraud state and federal agencies, and to obtain money and property, specifically PUA benefits, by means of false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1349.

## MANNER AND MEANS

It was a part of the conspiracy that:

12.     Defendant VADIM SHAPIRO and Person 1 filed and caused to be filed fraudulent PUA claims that were submitted over the internet using the names and SSNs of numerous individuals.

25

13.     Defendant VADIM SHAPIRO and others, including Person 1, made materially false representations in connection with these claims, including, but not limited to, falsely stating that the applicant was unemployed as a result of COVID-19; providing false employment history or wage history for the applicant; falsely stating that the applicant was ready, willing, and able to work each day; and falsely stating that the applicant was actively seeking full-time employment.

14.     After PA DLI issued either a check, direct deposit payment, or a PUA debit card for payment on each application, Person 1 deposited some of the checks into, and had the direct deposits sent to, bank accounts that Person 1 controlled. Person 2 also accessed some of the benefit funds within bank accounts which Person 2 controlled. Person 1, Person 2, and others known and unknown, utilized the PUA benefit funds, often through the debit cards, and withdrew the funds from those cards at ATMS and/or transferred the money to financial accounts controlled by them.

15.     Defendant VADIM SHAPIRO and other conspirators made continued materially false representations on weekly certifications with respect to these fraudulent PUA claims.

16.     In exchange for his assistance, defendant VADIM SHAPIRO received a fee, commonly referred to as a "kickback," from the PUA funds received.

17.     On or about the below-listed dates, defendant VADIM SHAPIRO and Person 1 filed, over the internet, the listed PUA applications, which contained false representations:

| Purported Claimant | Approx. Date of Filing | Approx. Total Benefits Paid |
|---|---|---|
| M.D. | May 27, 2020 | $37,770 |
| T.B. | May 27, 2020 | $15,495 |
| A.Y. | May 28, 2020 | $16,485 |
| D.K. | May 29, 2020 | $0 |
| R.A. | May 31, 2020 | $17,265 |
| A.A. | June 1, 2020 | $18,630 |

In filing these applications, defendant VADIM SHAPIRO, under penalty of perjury, filed fraudulent applications for PUA benefits, falsely stating that the individuals were unemployed due to the COVID-19 pandemic and that they were immediately available for work.

18.     The amount of PUA funds disbursed as a result of this conspiracy was at least approximately $105,645.

In violation of Title 18, United States Code, Section 1349.

## COUNT SIX
### (Wire fraud – 18 U.S.C. § 1343)

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

At all times relevant to this information, except where otherwise noted:

1. Paragraph 1 of Count One and paragraphs 2 through 10 of Count Five are realleged here.

2. From in or about May 2020 through on or about September 9, 2021, in the Eastern District of Pennsylvania, and elsewhere, defendant

**VADIM SHAPIRO**

devised and intended to devise a scheme to defraud state and federal agencies, and to obtain money and property, specifically PUA benefits, by means of false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1343.

**MANNER AND MEANS**

It was a part of the scheme that:

3. Defendant VADIM SHAPIRO filed and caused to be filed fraudulent PUA claims on behalf of his tax clients, which were submitted over the internet using the names and SSNs of these tax clients. The scheme and artifice to defraud included making materially false representations in connection with these claims, including, but not limited to, falsely stating that the applicant was unemployed as a result of COVID-19; providing false employment history or wage history; falsely stating the applicant was ready, willing, and able to work each day; and falsely stating the applicant was actively seeking full-time employment.

4. Defendant VADIM SHAPIRO caused PA DLI to issue either a check, direct deposit payment, or a PUA debit card for payment on each fraudulent application, directed

to the benefit of the tax client for whom defendant SHAPIRO had submitted the fraudulent PUA application.

5.     Defendant VADIM SHAPIRO regularly completed materially false weekly certifications with respect to the false PUA claims so that he and his co-schemers could continue receiving the PUA funds.

6.     Defendant VADIM SHAPIRO also provided the login information that he created for these fraudulent PUA claims to the actual tax client for whom defendant SHAPIRO had created the false filing so that the tax client could make false weekly certifications.

7.     Defendant VADIM SHAPIRO engaged in this conduct by assisting in filing these applications and completing some of the weekly certifications, in exchange for a fee, commonly referred to as a "kickback," from the PUA funds received.

8.     Defendant VADIM SHAPIRO filed, and caused be filed, at least approximately seven fraudulent claims for PUA benefits for his tax clients, which caused at least approximately $113,918 in PUA funds to be disbursed.

9.     From on or about May 24, 2020, through on or about September 6, 2021, in the Eastern District of Pennsylvania, and elsewhere, defendant

**VADIM SHAPIRO**,

for the purpose of executing the above-described scheme and artifice to defraud, transmitted and caused to be transmitted, by means of wire communication in interstate commerce the writings, signs, signals, pictures, and sounds, the seven fraudulent Pandemic Unemployment Assistance claims listed below:

| Claimant | Approx. Application Date | Total Benefits Paid |
|---|---|---|
| L.M. | May 24, 2020 | $10,376 |
| M.M. | May 28, 2020 | $8,937 |
| J.S. | May 30, 2020 | $15,495 |
| A.S. | May 30, 2020 | $14,880 |
| G.T. | June 17, 2020 | $12,150 |
| A.F. | July 12, 2020 | $32,475 |
| Z.R. | July 12, 2020 | $19,605 |

All in violation of Title 18, United Stated Code, Section 1343.

## **NOTICE OF FORFEITURE**

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

      1.      As a result of the violations of Title 18, United States Code, Sections 371, 1343, and 1349 set forth in this information, defendant

**VADIM SHAPIRO**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations.

      2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).


**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

No. _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

## THE UNITED STATES OF AMERICA

vs.

## VADIM SHAPIRO

INFORMATION

Counts
**18 U.S.C. § 371 (conspiracy to defraud the United States and commit bank fraud – 1 count)**
**26 U.S.C. § 7206(2) (assisting in preparing false tax returns – 3 counts)**
**18 U.S.C. § 1349 (wire fraud conspiracy – 1 count)**
**18 U.S.C. § 1343 (wire fraud – 1 count)**
**18 U.S.C. § 2 (aiding and abetting)**
**Notice of forfeiture**

A true bill.

_____
Foreperson

Filed in open court this _____ day,
Of _____ A.D. 20 _____

_____
Foreperson

Bail, $ _____